UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BEVERLY V. MARTINEZ<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Defendant. | MEMORANDUM OPINION AND ORDER<br><br>Case No. 2:08-CV-00991-BSJ<br><br>Honorable Bruce Jenkins |

Beverly Martinez appeals the Commissioner of Social Security's decision denying her claim for Supplemental Security Income under Title XVI of the Social Security Act (the Act), 42 U.S.C. §§ 1381-1383c. Having considered the parties' briefs, the administrative record, the arguments of counsel, and the relevant law, the Court REVERSES and REMANDS the Commissioner's decision for further consideration.

## **LEGAL STANDARDS**

This Court's review is guided by the Act and is limited to determining whether the Commissioner's decision is supported by substantial evidence in the record as a whole and whether the Commissioner applied the correct legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). This Court "may neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001).

## BACKGROUND

Beverly Martinez, the plaintiff, filed an application for Supplemental Security Income on August 17, 2005. (T. 57). Ms. Martinez's claim was initially denied on May 18, 2006 (T. 41), and upon reconsideration on July 17, 2006. (T. 37). Ms. Martinez timely requested a hearing before an Administrative Law Judge ("ALJ") on July 26, 2006. (T. 36).

A hearing was held on November 2, 2007, in Salt Lake City, Utah before Administrative Law Judge, Robin L. Henrie. (T. 466). The ALJ issued a decision finding Ms. Martinez not disabled on December 13, 2007. (T. 10). In this decision, the ALJ acknowledged that Ms. Martinez suffered from the severe impairment of a seizure disorder and accepted medical testing that showed Ms. Martinez's IQ was 68. (T. 16, 237). These conclusions would direct a finding that Ms. Martinez meets Listing 12.05C, Mental Retardation. However, the ALJ found that Ms. Martinez did not meet this Listing.

On October 31, 2008, the Appeals Council denied Ms. Martinez's request for review of the ALJ's decision. (T. 4). This Appeals Council denial was the final administrative decision of the Commissioner of Social Security in this case. *See* 20 C.F.R. § 416.1481.

## DISCUSSION

Listing 12.05, Mental Retardation, 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.05, states that "[m]ental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period," and that "the level of severity for this disorder is met when the requirements of any one of four subsections is satisfied. Subsection C requires a claimant to show:

> A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

Thus, 12.05(C) creates a two-prong test that requires the claimant to show an IQ between 60 and 70, and prove an additional impairment.

In the present case, the ALJ found that Ms. Martinez had the following severe impairments; borderline intellectual functioning and a seizure disorder. (T. 16).

In April 2005, Ms. Martinez underwent a thorough consultative exam with Elizabeth Allen, Ph.D. (T. 237). Dr. Allen found that Ms. Martinez's full scale IQ was 68, in the extremely low range. (T. 237). The finding that Ms. Martinez has a full-scale IQ score of 68 should be presumed valid. *See Herring v. Apfel*, 1998 WL 865763 (D. Kan. November 16, 1998) *citing McPeek v. Secretary of Health and Human Services*, 19 F.3d 19 (6th Cir. 1994). The ALJ stated he was giving the opinions of Dr. Allen "great weight". (T. 24). Therefore, Ms. Martinez meets the first prong of Listing 12.05(C).

The second prong requires that Ms. Martinez have a physical or other mental impairment that imposes additional significant limitation of functioning. The 10th Circuit has concluded that the decision regarding whether a claimant has a "significant limitation" for the purposes of Listing 12.05(C), should closely parallel the standard used at Step Two in the sequential evaluation process. *Hinkle v. Apfel*, 132 F. 3d 1349, 1352-53 (10th Cir. 1997).

The second step in the sequential evaluation process requires that the ALJ determine whether the claimant has an impairment or combination of impairments that significantly limit the ability to do basic work activities. 20 C.F.R. § 404.1520(c). Thus, under the *Hinkle* rule, the claimant will meet the second prong of Listing 12.05 (C) if the ALJ finds that the claimant has a severe impairment under Step Two in addition an IQ score between 60 and 70. This impairment

does not need to be independently disabling to meet the second prong of Listing 12.05(C). *Hinkle* at 1352-53.

In the present case, the ALJ found that in addition to her IQ score of 68, Ms. Martinez's seizure disorder was "severe" and would "cause significant limitation in her ability to perform basic work activities." (T. 16). This level of severity clearly fits within the meaning of Listing 12.05(C)'s second prong. The ALJ determined that Ms. Martinez's impairments were severe within the meaning of the regulations at Step Two and that Ms. Martinez's impairments more than minimally limited her ability to perform basic work activities as required by the second prong of 12.05(C).

Thus, the ALJ made sufficient findings necessary to conclude that Ms. Martinez meets Listing 12.05(C) of the Listing of Impairments. Instead the ALJ made the internally inconsistent finding that despite the fact that Ms. Martinez's seizure disorder is severe at Step Two, it is of "borderline severity" and, therefore, did not meet or equal the requirements of Listing 12.05(C). (T. 18).

This finding that Ms. Martinez's seizure disorder is not severe enough to meet the second prong of 12.05(C) is also not in line with the ALJ's assessment of Ms. Martinez's residual functional capacity. The ALJ found Ms. Martinez capable of only sedentary work with a number of limitations such only lifting up to 5 pounds at a time, and standing or walking no more than 2 hours in an 8-hour workday. (T. 19-20). The ALJ also found that Ms. Martinez could not walk on stairs, other than a few steps, and could not work around heights or hazardous materials. (T. 19-20). The ALJ's assessment of such a restrictive residual functional capacity demonstrates that Ms. Martinez's physical limitations have more than a minimal impact on her ability to work.

The Commissioner concedes that the ALJ did err in finding that Ms. Martinez's impairment was severe for the purposes of Step Two, but not for the purposes of Listing 12.05(C). Defendant's Brief, pg. 20. However, the Commissioner argues that the error is harmless because Ms. Martinez has not satisfied the capsule definition of mental retardation in Listing 12.05 by demonstrating deficits in her adaptive functioning prior to age 22. However, the Court finds that the ALJ failed to make any findings as to whether Ms. Martinez had deficits in her adaptive functioning.

Therefore, the Court finds that the ALJ did err in his analysis of whether Ms. Martinez meets Listing 12.05(C), and that error is not harmless. Thus, the ALJ's decision must be remanded for further consideration of whether Ms. Martinez's impairments meet the requirements of Listing 12.05(C), which requires a determination of whether Ms. Martinez has shown deficits in her adaptive functioning prior to age 22.

## CONCLUSION

Having determined that the Commissioner's decision is not free of error, the Commissioner's decision is REVERSED and REMANDED for further consideration as to whether Ms. Martinez meets Listing 12.05C, Mental Retardation.

It is so ordered.

5

DATED this _____5ᵗʰ_____ of ___August___, 2009.

*(signature)*
Honorable Bruce Jenkins
United States District Court Judge